UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
REGINALD LOUISIAS,

                              Plaintiff,

                    -against-

Police Officer ROBERT ORLANDO, Shield No. 11481; Police Officer TIMOTHY COTE, Shield No. 26745; Police Officer NICKLAS YARDAN, Shield No. 25155; Sergeant KEVIN DEVINE, Shield No. 509; and JOHN and JANE DOE 4 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

13 CV 5276 (SJ) (MDG)

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

## PARTIES

6.     Plaintiff Reginald Louisias ("plaintiff" or "Mr. Louisias") is a resident of Kings County in the City and State of New York.

7.     Defendant Police Officer Robert Orlando, Shield No. 11481 ("Orlando"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Orlando is sued in his individual and official capacities.

8.     Defendant Police Officer Timothy Cote, Shield No. 26745 ("Cote"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cote is sued in his individual and official capacities.

9.     Defendant Police Officer Nicklas Yardan, Shield No. 25155 ("Yardan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Yardan is sued in his individual and official capacities.

10.     Defendant Sergeant Kevin Devine, Shield No. 509 ("Devine"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Devine is sued in his individual and official capacities.

11.     At all times relevant defendants John and Jane Doe 4 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 4 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 4 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 4 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.     At approximately 7:30 p.m. on March 2, 2013, plaintiff was lawfully present in the vicinity of 80th Street and Foster Avenue in Brooklyn, New York.

15.     Plaintiff was part of the production crew shooting a music video that evening.

16.     The video featured imitation currency and weapons.  Another member of the production crew was carrying these props in a briefcase.

17.     Plaintiff and two other individuals involved in the production left a filming location and stopped to eat at a Burger King before continuing the shoot at a second location.

18.     As they were leaving Burger King, the defendant officers stopped plaintiff and the other members of the production crew.

19.     The officers lacked reasonable suspicion for the stop.

20.     The officers asked about the contents of the briefcase, and another member of the production crew explained that it contained props for the production.

21.     The officers conducted unlawful searches of plaintiff, his companions and their property, including the briefcase.

22.     Even though plaintiff was not in possession of the props, the officers knew they were being used for a legitimate purpose and that they lacked probable cause, the officers handcuffed and falsely arrested Mr. Louisias.  The other two members of the production crew were also arrested.

23.     Plaintiff was taken to the 69th Precinct.

24.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of air pistols.

25.     At no point did the officers observe plaintiff in possession of air pistols.

26.     Early the next morning, plaintiff was taken to Brooklyn Central Booking.

27.     After spending approximately 19 hours in custody, plaintiff was arraigned in Kings County Criminal Court and released on his own recognizance.

28.     At his next appearance in criminal court, the criminal charges were adjourned in contemplation of dismissal.

29.    Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

30.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

33.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     The individual defendants created false evidence against plaintiff.

38.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

39.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

40.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**FOURTH CLAIM**
**Failure To Intervene**

41.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

44.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

DATED:    February 14, 2014
          New York, New York

HARVIS WRIGHT & FETT LLP

Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiff*